STATE OF NEW JERSEY, RESPONDENT, v. LOUIS O. RAY, PROSECUTOR.

Argued January 21, 1926—Decided May 4, 1926.

**Motor Vehicles—Drunken Drivers—Act Constitutional—Arrest Not Illegal—Defendant Not Illegally Detained After Second Adjournment—Judgment Affirmed.**

On writ of *certiorari*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Edward M. & Runyon Colie.*

For the respondent, *J. Harry Hull.*

PER CURIAM.

This case is before us upon a writ of *certiorari* directed to William A. Smith, recorder of the town of Nutley. The writ brings up the conviction of Louis A. Ray for a violation of subdivision 3 of section 14 of the Motor Vehicle act. This is the portion of the act which makes it an offense for a person to operate a motor vehicle when under the influence of intoxicating liquor.

On November 13th, 1925, a complaint was made to the recorder of the town of Nutley by Cornelius J. Arensman that Louis A. Ray, of the town of Nutley, had on that day violated the section of the Motor Vehicle act above referred to. The complaint was sworn to before the recorder, who on the same day issued a warrant for the arrest of Ray. The warrant was served. Ray was produced in court. The respondent was held in bail to appear on November 20th, 1925. On that day, at the request of the prosecutor, the recorder adjourned the hearing to December 4th, 1925. On December 4th, 1925, the prosecutor appeared with his counsel. A

further adjournment until December 11th was asked for on the ground that the defendant was entitled to an adjournment for a period not exceeding thirty days. This adjournment was refused. Counsel for the defendant then moved to dismiss the indictment on the following grounds: *First,* that the statute (chapter 208 of the laws of 1921) and its supplements and amendments was . unconstitutional in that it denied to the defendant the right of trial by jury, and in that it violated the fourteenth amendment of the federal constitution with. reference to due process of law; *second,* that said act was unconstitutional because it violated the provision of the New Jersey constitution requiring that every law shall embrace but one object, which shall be expressed in its title; *third,* that the amendment to the act contained in chapter 211 of the laws of 1924 was unconstitutional for the reason that it authorized a workhouse sentence without a trial by jury; *fourth,* that the said amendment of 1924 was unconstitutional in that it amended the act of 1923, which is unconstitutional; *fifth,* that the court was without jurisdiction to try the case because the complaint was defective—(a) in that it referred to the general amendment and supplements of the act of 1921 without specifying the particular amendment or supplement under which the defendant was to be tried, and (b) in that the complaint and warrant failed to state with sufficient definiteness the time and place of the alleged violation; *sixth,* that the proceedings were illegally instituted by an arrest before a complaint and without warrant, and not by an officer in whose presence the act had been violated.

These motions were denied, and the prosecutor then announced that he would. not participate in a trial. The recorder then heard testimony to the effect that, on November 13th, at about three p. m., Cornelius J. Arenson parked a Ford car on the south side of Center street, in the town of Nutley, close to the curb in front of the house owned by one Frederick S. Heisley, designated as 414 Center street; that Arenson went into Mr. Heisley's house, and, at four-forty

P. M., saw through a window a crowd collected on the sidewalk. He went out and found his car damaged in the rear on the left side. The car of Ray was thirty feet in front of his and was damaged in the front. Ray was on the sidewalk, intoxicated. There was also testimony to the effect that Ray was standing by the side of his car after the accident, drunk. Ray got into the car and was in the act of starting his engine when arrested. Testimony was also offered that Ray told the officer who arrested him, Frank Jamison, that he had hit a car. Ray, upon being taken to police headquarters, said: "I was driving the car, but I ain't drunk." There was further evidence of Ray's intoxication offered, including the testimony of a physician. The prosecutor, upon this evidence, was found guilty and sentenced to thirty days in the county jail.

Three of the seven reasons filed for reversal of the conviction are abandoned. The first reason argued is that the Motor Vehicle act is unconstitutional, because it imposes a jail or workhouse sentence for six months without a jury trial. The point as to a trial by jury has been considered and disposed of in the cases of *State* v. *Rogers*, 91 *N. J. L.* 212, and *State* v. *Shaw*, 1 *N. J. Mis. R.* 82. The case of State *v.* Shaw was decided after the opinion in the case of *Katz* v. *Eldredge*, 97 *N. J. L.* 123, upon which the prosecutor relies, was decided. In the present case the sentence of the prosecutor was thirty days and not six months, so that the question as to the constitutionality of a six months' sentence is not properly before us for decision.

The second point argued by the prosecutor is that the complaint is defective. The contention is that the complaint only refers to subdivision 3 of section 14 of the Motor Vehicle act, whereas it should have referred to the particular amendment or supplement under which the proceeding was brought. The complaint makes reference to the amendments and supplements of the act. This is sufficient. This point was decided in the case of *State* v. *Rosenbloom*, 3 *N. J. Mis. R.* 1713, which holds that the objection that the com-

plaint charged operation of a motor vehicle while under the influence of liquor in violation of *Pamph. L.* 1921, *p.* 643, § 14, ¶ 3, and did not charge violation of the aforesaid act, as amended by *Pamph. L.* 1923, *p.* 297, was without merit. The case of *State* v. *Bailey,* 3 *N. J. Mis. R.* 298, is to the same effect.

The third point argued by the prosecutor is that the proceedings were instituted by an illegal arrest, and are therefore void. This point is based upon the fact that the officer who arrested Ray did not see Ray driving the car at the time the accident occurred. From this it is argued that the arrest was not authorized by the Motor Vehicle act, which authorizes an arrest without warrant only by an officer in whose presence the law has been violated, or on a sworn complaint. We think there are two answers to this contention. The first is that Ray admitted to the officer that he had been driving the car when he said, "I hit the car." The second is that Ray got in the car and started the engine when the officer was present. Ray was intoxicated. This, we think, was an act which is included within the term "operation," which is the word used in the Motor Vehicle act. The arrest was proper, because, in the presence of the officer, Ray was operating a car when intoxicated. There is also in this connection another ground which warranted the original arrest. This was the intoxication of Ray. It was lawful to have arrested him upon this ground. When taken to the recorder's office a complaint was made by the owner of the car which Ray had struck. The proceedings from this point were in accordance with the portion of the statute which provides for an arrest upon a sworn complaint.

The next point raised by the prosecutor is that the conviction is void, because the defendant was illegally denied the second adjournment. Section 26 of the Motor Vehicle act provides as follows: "Any hearing to be held pursuant to this act shall, on the request of the defendant, be adjourned for a period not exceeding thirty days from the return day named in any summons, or from the return of any warrant,

or from the date of any arrest without warrant." We deem the proper construction of this section to be that it fixes a time beyond which an adjournment shall not be granted. The prosecutor had asked for an adjournment. This adjournment had been granted. While the adjournment was for less than thirty days, it was assented to by the defendant. The statute in question does not make it obligatory for a magistrate to grant a series of adjournments for the full period of thirty days. We see no merit in the prosecutor's contention in this respect. We have considered all the points argued. The conviction and judgment is affirmed.