77 N.J. Super. 512 (1962)
187 A.2d 39
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK M. SWEENEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1962.
Decided December 24, 1962.
*513 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. James V. Segreto argued the cause for appellant (Messrs. Segreto & Segreto, of counsel, and on the brief).
Mr. Archibald Kreiger, Assistant Prosecutor of Passaic County, argued the cause for respondent (Mr. John G. Thevos, Passaic County Prosecutor, attorney; Mr. Kreiger, of counsel).
*514 The opinion of the court was delivered by PRICE, S.J.A.D.
Appellant was convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation of N.J.S.A. 39:4-50.
The record before us reveals that when apprehended by police officers at 1:00 A.M. on July 6, 1962, defendant was seated "behind" the steering wheel in the driver's seat of his automobile, parked by the curb on Broadway, a public street in the City of Paterson near the tracks of the Susquehanna Railroad. The car's motor was running.
In order that it might be unqualifiedly clear that the sole issue raised by defendant for resolution on this appeal was whether the proofs established that he was guilty of operating his automobile within the purview of N.J.S.A. 39:4-50 and N.J.S.A. 39:1-1, defendant concedes that, while intoxicated, he had entered the automobile, had turned on the ignition of the car and started the motor. He challenges the legality of his conviction in the County Court on the single ground that the case was barren of any proof that, while under the influence of intoxicating liquor, he had actually driven the automobile; specifically, that there was no evidence that, while intoxicated, he had moved the car in any direction.
Defendant's aforesaid conviction followed a hearing in the municipal court at which he refrained from testifying and from presenting any affirmative evidence. On appeal to the County Court (on a trial de novo based on a transcript of the stenographic record taken in the municipal court (R.R. 3:10-10(a)), the conviction was affirmed. The instant appeal followed.
The proofs reveal that a police officer testified that on his arrival at the place where defendant's car was parked as aforesaid, defendant "was sitting in his automobile and a private citizen was standing next to him." Defendant was the only occupant of the car. The proofs contain no identification of the "private citizen" other than that the officer subsequently testified that the "private citizen" was a "public *515 official." The person in question was not called as a witness and his non-appearance as a witness was unexplained. Instead, over objection by defendant's counsel, the police officer testified that "the citizen advised us that Mr. Sweeney fell asleep on the railroad tracks." Following the assertion by counsel that such testimony should be stricken as "hearsay," the following occurred:
"THE COURT: That's right. Did this gentleman [defendant] hear it?
THE WITNESS: Yes.
THE COURT: In your opinion was he able to comprehend?
THE WITNESS: He could hear well enough. Whether he was able to comprehend, I don't know.
THE COURT: I will admit it subject to later striking out. In other words, this conversation was in his presence?
MR. SEGRETO: I still say it's hearsay.
THE COURT: I'll permit it subject to connection."
The police officer then related that he asked defendant to "get out of the car and shut off the motor"; that defendant alighted from the car but failed to "shut the motor off," so the officer did so; that defendant on leaving the car "fell to the pavement"; that the officer "smelled a strong scent of alcohol"; and that defendant, answering affirmatively the officer's inquiry as to whether "he had been drinking," stated that he had consumed "thirty or forty beers." Defendant was unable to walk unassisted. The officer placed him "under arrest as a drunken driver" and transported him by patrol wagon to police headquarters, where he was examined by a doctor at 1:20 A.M. The physician determined that defendant was under the influence of intoxicating liquor and so testified. The physician, detailing the results of his examination of defendant, stated that he was "pale," his "eyes were red and inflamed"; he was "in a comatose, excited condition"; he was "very incoherent at times"; he was "unable to stand up" except by holding "onto the table" and "staggered and fell several times" during the course of the examination. The doctor added that defendant said that he had imbibed "20 to 30 beers a day" for a period of "three to four days."
*516 Following the presentation of the foregoing testimony, defendant's counsel moved "for dismissal" on the ground that the State had failed to produce any proof of defendant's "operation of the vehicle." Counsel conceded that there was "abundant evidence of intoxication" but stated that there was no "competent evidence" of "the operation of the vehicle." During the course of the colloquy between the magistrate and counsel, the former emphasized the significance, as he viewed it, of the testimony presented on behalf of the State that defendant was found alone in the car in an intoxicated condition, seated in the driver's seat behind the steering wheel and with the motor running. The record then reveals the following:
"MR. SEGRETO [defendant's counsel]: In view, your Honor, of the fact that the defendant was found in the motor vehicle parked by the curb with the motor running, on that case, may we put the defendant on to meet that particular issue?
THE COURT: I don't say that that's the only issue before me now. I say as far as your particular motion to have this man dismissed because nobody saw him driving a car, I say as far as that particular part of the case is concerned, in my opinion, the law is that the presumption is that a man behind the wheel with the motor running is guilty, and he may refute that. He has a right to. You can call him. Why not? If you want to call him, why not? If you can show that he did not start the car, that somebody did, you can refute the contention."
When the magistrate then stated that he might delay his decision for a week, defendant's counsel stated: "Under the circumstances our testimony would be that he [defendant], in fact, did turn the key on. So you can dispose of the case."
The magistrate denied the motion for dismissal, no testimony was presented on defendant's behalf, and he was adjudged guilty.
On appeal the County Court, reviewing the record of the municipal court, held that the responses which defendant had made to the police officer and to the doctor, as revealed by their testimony, convinced it that defendant comprehended the aforesaid statement made by the unidentified person in *517 the presence of the police officer and defendant "with reference to the defendant having been on the railroad tracks." The County Court then held that the statement was made "under such circumstances" and by "such a person" as "naturally to call for a reply if the defendant did not intend to admit the statement." The court added:
"This statement can be reasonably understood to mean that the defendant was found behind the wheel with his car on the railroad tracks, even though at the time the police arrived, his car was parked by the curb with the motor running. From that statement by this person as repeated by the police, a legitimate inference may be drawn that the defendant had driven the car onto the railroad tracks and that the police subsequently found him behind the wheel parked at the curb with the motor running.
On this basis I find there is sufficient evidence that the defendant operated the car and it is admitted that the defendant was intoxicated at the time."
The County Court then declared that the affirmance of the conviction was justified for a further reason which it expressed as follows:
"Another ground on which a conviction may be rested in this case is under the Motor Vehicle Act; 39:1-1, `Operator means a person who is in actual physical control of a vehicle'; under 39:4-50, `A person who operates a motor vehicle while under the influence of intoxicating liquor.'
Was this defendant an operator? Admittedly he was seated behind the wheel of his car and was in actual physical control of his car with the motor running. I think this makes him an operator.
Must the car actually go into motion to start the operation? I think not. I think the defendant is in actual physical control as soon as he goes behind the wheel with the motor running.
From that point on, if the defendant is intoxicated, he is in a condition to do harm to himself and others, which is the policy that 39:4-50 is intended to penalize."
We are in accord with defendant's contention that the County Court (as well as the municipal court) erred in holding that defendant's conviction might justifiably be based on the testimony of the police officer that the aforesaid statement, referable to defendant's presence on the railroad tracks, *518 was made by an unidentified person in defendant's hearing. Not only does the applicable decisional law render nugatory such inconclusive proofs as were here relied upon to establish defendant's guilt by an inference of assent to be drawn from his alleged silence, but the evidence itself did not encompass the elements necessary to render defendant's alleged silence of any probative significance under the circumstances. The prerequisites for the admissibility of such testimony have been delineated clearly in our State, and the doubtful value of the evidence of a defendant's silence in the face of an accusatory statement made while he is under arrest or in custody has been emphasized. State v. Butler, 32 N.J. 166, 181-184, certiorari denied 362 U.S. 984, 80 S.Ct. 1074, 4 L.Ed.2d 1019 (1960); State v. Davis, 61 N.J. Super. 536, 546-547 (App. Div. 1960); Greenberg v. Stanley, 30 N.J. 485, 497-499 (1959); State v. Kobylarz, 44 N.J. Super. 250, 256-261 (App. Div.), certification denied 24 N.J. 548 (1957).
Tested by the principles enunciated in the cited cases, it is clear that the aforesaid testimony on which the municipal court and the County Court rested their respective judgments should not have been admitted or relied upon for several reasons: (a) there was no substantial proof that defendant was able to comprehend the utterance of the bystander; in fact, the justifiable inference is to the contrary; (b) there was no proof that the defendant remained silent following the making of the statement; (c) the utterance by the unidentified person was neither incriminatory nor accusative in import with reference to the specific charge under scrutiny; it did not on its face concern the question of defendant's intoxication or his operation of a motor vehicle. It is unreasonable and illogical to hold that the testimony by the police officer that an unidentified private citizen advised that defendant "fell asleep on the railroad tracks" produces a legitimate inference leading justly to a conclusion that defendant had driven his automobile to a point on the railroad tracks, there fell asleep, and later awakened and drove his car to its aforesaid parked position on Broadway; (d) as noted, the unidentified *519 person was not called as a witness, and the record is barren of any proof showing that the person speaking possessed personal knowledge to support his statement. In fact, there is nothing revealed to suggest that the remark was not a gratuitous observation made by someone unknown to defendant. We conclude that, not only was there no justification for holding that defendant's conviction may be bottomed on his alleged silence following the utterance of the foregoing statement, but the testimony itself should have been excluded by the court on defendant's objection thereto.
Although for the aforesaid reasons we determine that the challenged evidence was admitted erroneously, we conclude that its admission was not prejudicial since we determine that defendant's conviction was proper for the reasons hereinafter set forth.
We have heretofore noted that the County Court projected an alternative basis for its adjudication of defendant's guilt. It held that the fact that defendant was "seated behind the wheel of his car and was in actual physical control of his car with the motor running * * * makes him an operator." We observe that, supplementing the foregoing circumstances, there are present in the record (a) the uncontradicted fact that defendant was alone in the automobile when found by the police; (b) the aforesaid concession of defendant's counsel at the hearing before the magistrate that defendant turned "the key"; and (c) the comparable concession before us on the argument of the appeal that defendant had entered the automobile, turned the ignition key and started the motor. Both of these statements were made by counsel in order that no doubt would exist as to the precise basis of his contention, i.e., that to justify a conviction under the statute in question there had to be proof that the automobile had been "put into motion" by defendant while he was under the influence of intoxicating liquor. Stressing the absence of any direct evidence in that regard, and contending that no legitimate inference might be drawn in support thereof, counsel contended that reversal of the conviction was unavoidable.
*520 Defendant's counsel, sharply critical of the County Court's aforesaid reasoning, contends that it constitutes "a strained and artificial construction of the statute" and is contrary to the law expressed in pertinent decisions by this State's appellate tribunals. He asserts that all such decisions demonstrate a search by the court "for evidence from which a motion of the vehicle may be found or inferred."
In resolving this appeal we find that it is unnecessary, for the reasons hereinafter stated, to determine whether the proofs justify an inference that defendant in the instant case, while intoxicated, moved the automobile by driving it from one place to another under the power of the motor machinery, an issue which was under consideration in the following decided cases: State v. Guerrido, 60 N.J. Super. 505, 510 (App. Div. 1960); State v. Damoorgian, 53 N.J. Super. 108, 114 (Cty. Ct. 1958); State v. Witter, 33 N.J. Super. 1, 5 (App. Div. 1954); State v. Johnson, 23 N.J. Super. 304, 305-306 (App. Div. 1952); State v. Baumgartner, 21 N.J. Super. 348, 350 (App. Div. 1952); State v. Elliott, 13 N.J. Super. 432, 435 (App. Div. 1951).
We direct our attention to the question whether the statutory reference to the operation of an automobile, while the operator is intoxicated, envisions only a situation in which the vehicle is actually driven by a person, that is, moved from one place to another by him, or whether the word "operates" includes and is descriptive of the act of setting in motion the operative machinery of the vehicle. While this precise issue has not been the subject of adjudication in this State, we note that the authorities in other jurisdictions are not in complete accord as to the construction that should be placed upon the word "operates" in comparable statutes. Annotation, 47 A.L.R.2d 570 (1956). We feel that those cases which attribute a broader connotation to that word represent the more reasonable approach. The broader connotation, which we hereby adopt, is to ascribe to the word "operates" a meaning not limited to the movement of the vehicle itself. State v. Webb, 202 Iowa 633, 210 N.W. 751, 752 *521 (Sup. Ct. 1926); Commonwealth v. Uski, 263 Mass. 22, 160 N.E. 305, 306 (Sup. Jud. Ct. 1928); People v. Domagala, 123 Misc. 757, 206 N.Y.S. 288 (Cty. Ct. 1924). Cf. State v. Ray, 4 N.J. Misc. 493, 496, 133 A. 486 (Sup. Ct. 1926).
The acts of the defendant in the instant case clearly demonstrate physical control of the automobile and the operation of its machinery. The turning of the automobile's ignition switch and the starting of its motor was an operation of the car connected with its use and presence upon the highway. Moreover, such an act justifies the inference that defendant intended to take the next step in the operation of the car  to put the vehicle into motion.
In State v. Webb, supra, 210 N.W. at p. 752, the court held:
"The defendant in the case at bar testified that he had started the engine and it was running. This is one of the necessary elements in the operation of a car. In other words, he could not have put his car in motion without having first started the engine, and the starting of the engine therefore is the first step in the operation of a car. We are disposed to hold * * * that the defendant was `operating' his car, within the meaning of the statute. The real danger that this statute seeks to protect against is from the possible results from a drunken condition of a driver."
We hold that defendant's acts, while intoxicated, in entering the automobile, turning on the ignition, starting and maintaining the motor in operation, and remaining in the driver's seat behind the steering wheel, where he was found by the police, justify his conviction as the operator of the automobile. In an intoxicated condition, he was, for all practical purposes, then in control of a dangerous instrumentality.
The conviction is affirmed.