### Roy Louis Gallagher v. Commonwealth of Virginia.

November 30, 1964.

Record No. 5896.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Mosby G. Perrow, Jr.* and *Edward R. Feinman,* for the plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the Commonwealth.

Buchanan, J., delivered the opinion of the court.

The defendant, Roy Louis Gallagher, was convicted by a jury of operating a motor vehicle while under the influence of intoxicants, in violation of § 18.1-54 of the Code, and was sentenced to pay a fine of $200 in accordance with the verdict. He contends here that he was improperly convicted, first, because not all of the requirements of § 18.1-55 of the Code, as amended, were complied with in making an analysis of his blood; and, second, because he did not drive or operate his motor vehicle as contemplated by § 18.1-54. The evidence, which was without material conflict, was as follows:

At about ten o'clock on the night of November 27, 1962, Officer Marks, pursuant to a call, arrived in front of the home of the defendant on the north side of Highway No. 297, the Timberlake Road, in Campbell county, a four-lane highway divided by a median strip. The two lanes on each side of the strip were about twenty-four feet wide with shoulders three or four feet wide on each side. There he found the defendant sitting under the steering wheel and accelerating the engine of his 1961 Cadillac automobile, which was in gear. The car was sitting at an angle with the left front wheel on the shoulder and the right front wheel on the hard surface. The back of the car was in a ditch in the median strip and the right rear wheel was spinning.

The only other person at the scene was a Mr. Hillsman, who had come by and was then sitting in his truck in front of the defendant's car. He had been trying to pull the defendant's car out into the road but failed because the rope broke. During the effort the defendant was in the driver's seat of the car and accelerating the motor. Hillsman said the right rear wheel was off the road, had no traction and it would have been impossible for the car to have moved by itself. The officer said that when he arrived the wheel was touching the ground but with only slight traction and, as stated, it was spinning.

The defendant was under the influence of intoxicants and staggered when he got out of the car. He first told the officer that he was on his way to work, but later said his wife was carrying him to work. She testified that she backed the car from their driveway into the left-hand [westbound] lane of traffic but did not cut the car short enough to make the turn and it went over into the median strip. She said she was unable to get it out, so she went back into the house and left her husband at the car. She did not tell the officer anything about that, she said, because he did not ask her any questions.

A sample of the defendant's blood was analyzed, as provided

for by Code § 18.1-55, as amended by Acts 1962, ch. 625, p. 1240, in effect at the time of defendant's arrest. This analysis showed an alcohol content in defendant's blood of 0.25% by weight, from which it is presumed that the defendant was under the influence of alcoholic intoxicants. Code § 18.1-57. Other evidence corroborated that fact.

Section 18.1-55(c), as amended, provides that only a physician, registered professional nurse or graduate laboratory technician shall withdraw the sample of blood to be analyzed, and that "where practicable, the physician of such person's choice shall withdraw said blood." The blood in this case was withdrawn by a registered professional nurse and defendant contends that he is entitled to an acquittal because it was not shown that the arresting officer advised him of the quoted provision, and paragraph (f) of said section provided that if the Commonwealth failed to comply with any of the requirements of the section, such failure "shall be deemed a reasonable doubt of defendant's guilt."

The only evidence on the subject was that of the officer who testified that he did not remember whether he informed the defendant that he could choose a physician to withdraw the blood. There is, however, no requirement in the statute that the arresting officer shall advise the defendant in this respect. This choice was available to the defendant, but the provision is directory and not mandatory as applied to the arresting officer. We so held in *Caldwell* v. *Commonwealth*, 205 Va. 277, 281, 136 S.E. 2d 798, 801, and we adhere to that decision.

■ The defendant contends next that he should not have been convicted of violating § 18.1-54 because there was no proof of motion, *i.e.*, no evidence that the automobile was moved by him. The statute provides:

"It shall be unlawful for any person to *drive or operate* any automobile or other motor vehicle * * while under the influence of alcohol * *." (Italics added)

While the words "drive" and "operate" are not defined in § 18.1-54, the word "operator" is defined in § 46.1-1(17) in the Motor Vehicle Code as "Every person who drives or is in actual physical control of a motor vehicle upon a highway or who is exercising control over or steering a vehicle being towed by a motor vehicle." It seems clear that driving an automobile means putting it in motion; but it seems equally clear that unless it was intended that § 18.1-54 should cover

an activity in addition to driving, the word "operate" is useless baggage and serves no purpose. Such a construction would run counter to the principle that "every provision in or part of a statute shall be given effect if possible." *Tilton* v. *Commonwealth*, 196 Va. 774, 784, 85 S.E.2d 368, 374; 17 Mich. Jur., Statutes, § 42, p. 298.

In an extended annotation in 47 A.L.R.2d 570, on the subject of driving or operating a motor vehicle while intoxicated, it is said in the summary at page 571 that although statutes prohibiting "driving" and those prohibiting "operating" a motor vehicle while intoxicated are for the same general purpose of protecting the users of the highways, a distinction between the two words is recognized and "driving" is given the stricter construction; that numerous cases have held that to be guilty of driving the defendant must have had the vehicle in motion; and that while in a few cases "operating" has been given a similar limiting construction, it has been more liberally construed in others to include starting the engine, or manipulating the mechanical or electrical agencies of the vehicle. The following are among the cases holding that a person may be guilty of operating an automobile while intoxicated without actually putting the car in motion.

In *Flournoy* v. *State*, 106 Ga. App. 756, 128 S.E.2d 528, the defendant, who was intoxicated, was sitting under the steering wheel of his automobile with the engine running but no witness saw the car moving. He was convicted of violating the Georgia statute which made it unlawful for any intoxicated person "to operate or drive" any motor vehicle. The court sustained the conviction and held that "operate" has a broader meaning than "driving" and includes "not only the motion of the vehicle but also acts which engage the machinery of the vehicle that, alone or in sequence, will set in motion the motive power of the vehicle." 106 Ga. App. at 758, 128 S.E.2d at 530.

In *State* v. *Webb*, 202 Iowa 633, 210 N.W. 751, 49 A.L.R. 1389, the defendant had not moved his automobile but had started the motor and was letting it idle. He was convicted of violating a statute which provided punishment for any person who "operates a motor vehicle" while intoxicated. His conviction was sustained, the court saying: "The real danger that this statute seeks to protect against is from the possible results from a drunken condition of a driver." The court adhered to its former holding in *State* v. *Overbay*, 201 Iowa 758, 206 N.W. 634, saying: "We there held that, although the car

was not moving, it was yet being 'operated,' within the meaning of the statute." 49 A.L.R. at 1391.

In *Commonwealth* v. *Uski*, 263 Mass. 22, 160 N.E. 305, the court approved an instruction which told the jury that if the defendant, while intoxicated, got into his automobile and manipulated the machinery for the purpose of putting it in motion, he was guilty of operating the car whether it moved or not. The court said: "The words of the statute 'Whoever upon any way operates a motor vehicle' include the setting in motion of the operative machinery of the vehicle as well as the driving of the vehicle under the power of the motor machinery." 263 Mass. at 24, 160 N.E. at 306.

To like effect are *State* v. *Pritchett*, 53 Del. 583, 173 A.2d 886; *State* v. *Ray*, 4 N.J. Misc. 493, 133 A. 486; *People* v. *Domagala*, 123 Misc. 757, 206 N.Y.S. 288; *State* v. *Swift*, 125 Conn. 399, 6 A.2d 359.

*State* v. *Sweeney*, 77 N.J. Super. 512, 187 A.2d 39, affirmed the conviction of a defendant who, while intoxicated, entered his automobile, turned on the ignition and ran the motor but had not yet moved the car. The court noted that the authorities in other jurisdictions were not in complete accord and said: "We feel that those cases which attribute a broader connotation to that word represent the more reasonable approach. The broader connotation, which we hereby adopt, is to ascribe to the word 'operates' a meaning not limited to the movement of the vehicle itself." 77 N.J. Super. at 520, 187 A.2d at 44.

We agree with that view and hold that the word "operate" in § 18.1-54 is not limited to moving the vehicle from one place to another, but includes the acts of the defendant in this case in operating the mechanism of his automobile in the manner and for the purpose described above.

It follows that Instruction C, offered by the defendant, which would have told the jury that operation of a motor vehicle under the statute requires the movement of the vehicle, was properly refused.

The judgment appealed from is

*Affirmed.*