## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Darrell L. Kersey

November 8, 1990

Case No. (Law) 99045

By JUDGE JOHANNA L. FITZPATRICK

This case comes before the Court on the Commonwealth's petition to have the defendant declared an Habitual Offender pursuant to Va. Code § 46.2-351(3). The defendant objects, as he alleges one of his convictions was void and should not be used as the basis for an Habitual Offender proceeding. For the following reasons, the objection is overruled.

On May 21, 1990, Darrell L. Kersey was convicted of violating Fairfax County Code § 82-4-17 ("Driving While Intoxicated-ASAP") in the District Court of Fairfax County. Darrell Kersey contends the conviction should not be used as a basis for declaring him an Habitual Offender, pursuant to Va. Code § 46.1-351(3), because the local ordinance is invalid. The defendant argues localities are barred from prohibiting the "operating" of a motor vehicle while under the influence of intoxicants because Va. Code Section 15.1-132 only provides that localities may enact ordinances that prohibit "driving" while intoxicated. Therefore, the issue presented in this matter is whether the power to prohibit "operating" a motor vehicle while under the influence of intoxicants is necessarily and fairly implied from Va. Code § 15.1-132.

Virginia follows the Dillon Rule of strict construction concerning the legislative powers of local governing bodies.

*See, e.g., Commonwealth v. Arlington County Board,* 217 Va. 558, 573, 232 S.E.2d 30, 40 (1977). The Dillon Rule provides that local governing bodies have only those powers that are expressly granted, those that are necessarily or fairly implied from expressly granted powers and those that are essential and indispensable. *Tabler v. Fairfax County,* 221 Va. 200, 269 S.E.2d 358 (1980).

Va. Code § 15.1-132 states that a locality "may make ordinances prohibiting the *driving* of motor vehicles . . . by any person under the influence of alcohol." (Emphasis added.) Fairfax County Code § 82-4-17 is a local ordinance enacted pursuant to Va. Code § 15.1-132. Fairfax County Code § 82-4-17 states, in part, as follows:

> It shall be unlawful for any person to *drive or operate* any motor vehicle . . . while such person is under the influence of alcohol . . . . (Emphasis added.)

Therefore, even though Va. Code § 15.1-132 states localities may enact ordinances that prohibit "driving," the Board of Supervisors drafted § 82-4-17, a provision which tracks the state statute on driving while intoxicated, to prohibit "driving or operating" a motor vehicle while under the influence of intoxicants.

The Supreme Court of Virginia has ruled that there is a legal distinction between the terms "driving" and "operating." *See, Gallagher v. Commonwealth of Virginia,* 205 Va. 666, 139 S.E.2d 37 (1964) ("driving an automobile means putting it in motion, but operating does not necessarily entail putting the vehicle in motion.")

Mr. Kersey notes that the General Assembly has expressly authorized counties to enact ordinances which prohibit the "driving" of motor vehicles by any person while under the influence of intoxicants. *See* Va. Code § 15.1-132. This Code section does not, however, provide express authority to adopt the provisions of the ordinance at issue. Thus, the Court must determine whether the Board of Supervisors was impliedly authorized to enact such legislation. *Tabler v. Fairfax County, supra,* at 204.

Questions concerning implied legislative authority are resolved by analyzing the legislative intent of the General Assembly. *Commonwealth of Virginia v. County Board*

*of Arlington County*, 217 Va. at 577, 232 S.E.2d at 42 (1977). Legislative intent is to be "gathered from the occasion and necessity of the law . . . [and] the causes which moved the Legislature to enact it." *Ambrogi v. Koontz*, 224 Va. 381, 386-87, 297 S.E.2d 660 (1982). Therefore, a statute should, if possible, be given a reasonable construction which will effect rather than defeat a legislative purpose evident from the history of the legislation. *American Airlines, Inc. v. Battle*, 181 Va. 1, 8, 23 S.E.2d 796, 800-01 (1943).

In the case at bar, the General Assembly's actions indicates that the legislation, namely Va. Code § 15.1-132, did intend to confer upon local governing bodies the power to prohibit "driving or operating" a motor vehicle while under the influence of intoxicants. Indeed, Va. Code Section 15.1-132 states that a locality may not enact legislation that provides for a lesser penalty than that prescribed by general law for a similar offense. In other words, a local ordinance may provide equal or greater penalties than are provided by the general law but cannot provide for a lesser penalty than that prescribed by the general law for a similar offense. The provisions must be consistent. *See, Commonwealth v. Knott*, 11 Va. App. 44 (1990) (where the local ordinance did not specifically include prior convictions under the provisions of Code § 18.2-266 for consideration in sentencing an offender to enhanced punishment).

The Board of Supervisors enacted § 82-4-17 to parallel Va. Code § 18.2-266 ("Driving Motor Vehicle, etc., While Intoxicated"). Va. Code § 18.2-266 states that "[i]t shall be unlawful for any person to *drive or operate* any motor vehicle . . . where such person has a blood alcohol concentration of 0.10 percent." (Emphasis added.) To this end, the local ordinance does specifically provide for a punishment equal to the general law. Therefore, the Court finds the Board properly enacted Fairfax County Code § 18-4-17 to effectuate the legislative purpose necessarily and fairly implied from Va. Code § 15.1-132.

Finally, statutes prohibiting "driving" and those prohibiting "operating" a motor vehicle while intoxicated are for the same general purpose of protecting the users of the highways. 47 A.L.R.2d 570, 571. Therefore, a reasonable construction of Va. Code § 15.1-132 would suggest

that it is necessarily and fairly implied that local governing bodies are permitted to enact legislation which prohibits "driving or operating" while under the influence of alcohol.