# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

William McConnell

September 29, 2005

Case No. (Criminal) 05-127

BY JUDGE EDWARD L. HOGSHIRE

The instant criminal matter arose on January 21, 2005, when William McConnell was arrested by a University of Virginia Police officer. He was charged with driving under the influence of alcohol in violation of Virginia Code § 18.2-266. On August 1, 2005, the Defendant filed a Motion to Suppress any and all evidence obtained by any officer involved in his arrest and prosecution on the grounds that it was in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. The Defendant asks the Court to find that § 18.2-266 is unconstitutionally vague and therefore dismiss the case against him. On August 29, 2005, the Commonwealth filed a response to the Defendant's Motion to Suppress. On August 30, 2005, the Defendant replied to the Commonwealth's response.

Because of the posture of the Defendant's Motion, the Court reviews it as a Motion to Dismiss.

*Statement of the Facts*

The facts in this case are not in dispute as the Commonwealth has stipulated to Defendant's statement of facts presented in the Motion to Suppress.

On or about January 21, 2005 at approximately 2:00 a.m., the Defendant William McConnell, returned to his car after a night of drinking at "The Corner" near the University of Virginia campus. Realizing that he should not drive the several miles home, the Defendant decided to sleep in his car. He turned on the engine of the car so that he could run the heater. He did not move the car. He went to sleep.

At approximately 3:25 a.m., Officer McCord of the University of Virginia Police Department was called to investigate a man asleep in a vehicle parked in a private lot behind Booker House near University Avenue. Upon arrival to the area, the officer noticed a vehicle sitting in park in a parking space with the engine running. The headlights of the car were off. The officer noted that the person in the driver's seat, the Defendant William McConnell, was not conscious but that the car was on and the accelerator appeared to be depressed to the floor of the vehicle so that the car was continuously revving loudly. The officer stated that the Defendant was leaning back in the driver's seat, with his head resting between the back seat and the window.

Officer McCord found that the driver's side door was locked. In an attempt to awaken the Defendant, the officer banged on the door several times and yelled "wake up." This failed to wake the Defendant. The officer then walked to the passenger side of the car and was able to open that door. He reached in, turned the car off, and took out the keys. He then walked back to the driver's side, unlocked that door, and attempted to wake the Defendant. The officer noted that the compartment of the car was warm and that the transmission was not in gear.

Officer McCord then attempted to wake the Defendant. During this process, the Defendant did not make any moves to place the vehicle into gear. Eventually, the Defendant was fully awakened and asked to perform a series of field sobriety tests. Though the Defendant admitted he had too much to drink, he protested the necessity of the tests as he had not been driving. The Defendant failed the sobriety tests and was arrested for operating a motor vehicle under the influence of alcohol.

*Question Presented*

Does Virginia Code § 18.2-266 provide a person of ordinary intelligence with notice that he could be convicted of operating a motor vehicle under the influence of alcohol where he is asleep behind the wheel of his vehicle, in a private parking lot, with the engine running but with no intent to place the vehicle in motion?

*Standard of Review*

Defendant asks this Court to find that Virginia Code § 18.2-266 is unconstitutionally vague. A constitutional argument is a pure question of law. *See Shiavee v. Commonwealth*, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005).

In *United States v. Harriss*, the Supreme Court stated that, "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held to be criminally responsible for conduct which he could not reasonably understand to be proscribed." 347 U.S. 612, 617 (1954). The Court noted that the vagueness doctrine is somewhat limited by the Court's duty to construe congressional enactments so as to avoid finding them unconstitutional. Therefore, "if the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague even though marginal cases could be put where doubts might arise."*id.* at 618. Further, the determination of whether a criminal statute provides fair warning must be made "on the basis of the statute itself and other pertinent law, rather than on the basis of an *ad hoc* appraisal of the subjective expectations of particular defendants." *Boyd v. County of Henrico*, 42 Va. App. 495, 517, 592 S.E.2d 768, 779 (2004) (quoting *Bouie v. Columbia*, 378 U.S. 347, 355, n. 5 (1964)).

A facial challenge to the vagueness of a statute not threatening constitutionally protected conduct will not be sustained unless the court determines the statute is "impermissibly vague in all of its applications." *Commonwealth v. Hicks*, 267 Va. 573, 580, 596 S.E.2d 74 (2004) (quoting *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494-95 (1982)). Driving or operating a motor vehicle is not constitutionally protected conduct. In analyzing whether the statute complained of is void for vagueness, the court must look first to the actual conduct of the

complainant. As the Supreme Court stated, "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Hoffman Estates*, 455 U.S. at 494-95.

## Analysis

The Defendant argues that Virginia Code § 18.2-266 is unconstitutionally vague because it lacks a clear or comprehensive definition of "operate" and is therefore unintelligible to the average person. The Defendant asserts that the statutory language itself is incomprehensible, first, because there is no definition of operate within the statute itself and, second, because the definition of operate found in Virginia Code § 46.2-100 (the Motor Vehicle Code) is itself unclear. According to the Defendant, § 46.2-100 does not clearly distinguish between "driver" and "operator" and that both terms seem to apply only to those acting "on a highway." Defendant argues that these statutory definitions have become further muddled through the case law of both the Virginia Supreme Court and the Virginia Court of Appeals. The Defendant recognizes that the Supreme Court defines operate as something less than "moving the vehicle from one place to another," but argues that the case law has established a requirement that the defendant have the purpose of putting the vehicle in motion. The Defendant argues that the decisions of the Virginia Court of Appeals have failed to require the defendant's intent to be proved. The law is therefore unconstitutionally vague because a reasonable person would not know that his actions were proscribed if he started his car for the purpose of sleeping and without any intent to move the vehicle.

## I. Definition of Operating

The commanding purpose of any drunk driving statute is to protect innocent people from the devastating harm so easily caused by a drunk driver. *See Gallagher v. Commonwealth*, 205 Va. 666 (1961); *Stevenson v. City of Falls Church*, 243 Va. 434, 440 (1992) (Compton, J., dissenting) ("Ordinary experience tells us that one in a drunken stupor in the driver's seat of a vehicle is likely to arouse abruptly, engage the motive power of the vehicle, and roar away imperiling the lives of innocent citizens").

Virginia Code § 18.2-266 states: "It shall be unlawful for any person to drive or operate any motor vehicle, engine, or train . . . (ii) while such

person is under the influence of alcohol." There is no definition of "operate" within this statute itself. In *Gallagher v. Commonwealth*, the Virginia Supreme Court looked to the Motor Vehicle Code for assistance. 205 Va. 666 (1961). Section 46.2-100 defines "operator" or "driver" as "every person who either (i) drives or is in actual physical control of a motor vehicle on a highway or (ii) is exercising control over or steering a vehicle being towed by a motor vehicle." Virginia Code § 46.2-100. The court noted that the term operate must have been included in the drunk driving statute to reach acts that were beyond the basic act of driving or putting the vehicle in motion. *Id.* at 668-69. Therefore, operating or "being in actual physical control" has been more liberally construed to include starting the engine or manipulating the mechanical or electrical agencies of the vehicle. *Id. See also Nicolls v. Commonwealth*, 212 Va. 257 (1971) (defendant guilty of operating a car though slumped over steering wheel of car sitting in the lane of travel, running, in gear, lights and heater on, even with evidence that vehicle was inoperable); *Williams v. City of Petersburg*, 216 Va. 297 (1975) (defendant guilty of operating a vehicle where slumped over wheel and car was parked in lot with motor running and, when aroused, defendant motioned toward gearshift).

The Supreme Court has applied certain limits to the scope of behavior falling under the definition of operate. *See Stevenson v. City of Falls Church*, 243 Va. 434 (1992) (defendant not guilty of operating a vehicle where found slumped over the wheel of the car in a parking lot, with the key in the ignition but in the off position and the engine was not running nor were any mechanical or electrical applications activated); *Overbee v. Commonwealth*, 227 Va. 238 (1984) (defendant not guilty of operating a vehicle where he was found standing at the front of the vehicle, the vehicle was not running and the key had been removed from the ignition).

Emerging from this line of cases is the general rule that "to operate" incorporates behavior such as starting the engine or "manipulating the mechanical or electrical equipment of the vehicle without actually putting the car in motion." *Williams*, 216 Va. at 300. "It means engaging the machinery of the vehicle which alone, or in sequence, will activate the motive power of the vehicle." *Id.* (citing *Gallagher*, 205 Va. at 668-70). It is not required that the acts be done on a highway of Virginia. *Id. See also Valentine v. City of Brunswick*, 202 Va. 696, 698 (1961) ("[A]n ordinance or statute which provides that no person shall drive or operate a motor vehicle while under the influence of intoxicants, and is silent as to the place where the offense may be committed, does not require as an element of the offense that the driving or operating shall be on a public highway."). The court has limited the

application of the statute to cases where it is clear that the defendant has not engaged any of the necessary machinery - where the key is out of the ignition (*Overbee*) or where the car is completely off even though the defendant is passed out behind the wheel (*Stevenson*).

The Virginia Court of Appeals has followed the *Gallagher* line of reasoning and the overall purpose of the statute to condemn acts which make the defendant a threat to innocent people. *Propst v. Commonwealth*, 24 Va. App. 791 (1997) (defendant guilty of operating though the engine was not running where he was behind the wheel, seat belt fastened, dashboard lights on, and transmission in gear); *Leake v. Commonwealth*, 27 Va. App. 101 (1998) (defendant guilty of operating where, while not behind the wheel, his head was inside the truck and the truck was stopped in a line of travel, engine running, and head and taillights illuminated).

The "general class of offenses" targeted by this statute clearly falls within the statutory language. A reasonably intelligent person, in looking at the statutory language and the case law, can certainly determine that initiating the mechanical operations of a vehicle while being intoxicated constitutes operating a vehicle. Both the Supreme Court and the Court of Appeals have established that the definition of "operate" is to be construed more liberally than that of "drive." The Supreme Court has not adopted bright-line rules dictating whether certain acts are or are not required to meet the definition of operating. The lack of bright-line rules does not create vagueness in the statute. Rather, the statute is broad for the purpose of reaching a wide variety of potentially deadly behavior.

While there may be marginal cases which are difficult to determine, the Defendant's behavior in the case at bar falls well within the well-established definition of operate. The Defendant was found passed out in his car, the key was in the ignition, the motor was running, the engine was revving, and the heater was on. He had unquestionably started the engine and manipulated the mechanical or electrical equipment of the vehicle, thereby engaging the machinery of the vehicle "which alone, or in sequence, will activate the motive power of the vehicle." *Williams*, 216 Va. at 300. Therefore, the Court finds that he does not have standing to complain that the law is unconstitutionally vague in the definition of "to operate."

## II. Mens Rea Requirement

The Defendant also argues that the Virginia Supreme Court cases establish that to be guilty of operating a vehicle while intoxicated, the defendant must be shown to have operated the vehicle for the purpose of

putting it in motion. The Defendant then concludes that, because the Virginia Court of Appeals has failed to focus on the defendant's purpose in its operating cases, the law has become unconstitutionally vague.

Virginia Code § 18.2-622 lacks a *mens rea* requirement on its face. The statute criminalizes the actions of driving or operating a motor vehicle simply because they are done by an intoxicated person. The primary concern of the statute is that the acts of the intoxicated person are inherently dangerous not because of his intent or purpose in doing them but simply because he is intoxicated and doing them. By being in such a situation, the intoxicated person is considered capable of causing the same harm that an intoxicated driver can cause. Virginia's statute is in line with the majority of the drunk driving statutes throughout the country. See James R. Pearson, Jr., Annotation, *What Constitutes Driving, Operating, or Being in Control of a Motor Vehicle for the Purposes of a Driving While Intoxicated Statute or Ordinance*, 93 A.L.R.3d 7 (2005) ("The lack of discussion [of intent] is apparently an implicit recognition that this offense is one which depends on no mental element, but consists only of the forbidden act itself.").

The Virginia Supreme Court has not established that intent or purpose to put the vehicle in motion is an element of Va. Code § 18.2-266. Though the *Gallagher* court mentions purpose briefly in its discussion of the definition of operate, it is not clear to what the court is referring. 205 Va. at 670. The court's primary concern was the act of the defendant in engaging the mechanical processes of the vehicle, not the defendant's purpose. Further, none of the other Supreme Court cases contain either a discussion or a finding on the purpose of the defendant. In *Nicolls*, the court does not even hint at the issue. In *Williams*, the defendant stated that he had no intention of driving the vehicle but rather had decided to sleep in the car because he was too drunk to drive and had turned the car on to keep warm. 216 Va. at 301. The court does not treat the question of purpose as a factual matter decided by the trial court but rather treats it as unnecessary to the finding of guilt. *Id.* It would be incorrect to infer a bright-line requirement of *mens rea* where there is no such language in the statute itself and the Virginia Supreme Court has never discussed it. The Virginia Court of Appeals cases have followed the dictates of the Virginia Supreme Court.

This Court finds that neither the language of Va. Code § 18.2-622 nor the case law interpreting the statute require proof that the defendant operated his vehicle with the purpose of putting it in motion. Any reference to purpose in *Gallagher* has been rendered obsolete by the

Supreme Court's subsequent case law. Inferring a *mens rea* where there is no such requirement in the clear language of the statute and where there are no discussions or findings of such requirements throughout the case law is without basis and unnecessary. The lack of a *mens rea* does not make a statute vague. The statute penalizes an individual's actions.

## Conclusion

Because the statute and the case law clearly define "operate" as "engaging the machinery of the vehicle which alone, or in sequence, will activate the motive power of the vehicle" and the Defendant's actions are unquestionably proscribed by that definition, the Court finds that the Defendant cannot claim Va. Code § 18.2-266 void for vagueness on those grounds. Further, because the text of § 18.2-266 and the precedent in both the Virginia Supreme Court and the Court of Appeals plainly do not require that the defendant operate the vehicle for the purpose of putting it in motion, the Defendant's claim of unconstitutional vagueness on that ground must also fail.

The Motion to Suppress is denied.