COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and Beales
Argued at Chesapeake, Virginia


MILLS EUGENE ROSE

MEMORANDUM OPINION* BY
v.        Record No. 2029-09-1              JUDGE WILLIAM G. PETTY
                                           FEBRUARY 15, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Carl Edward Eason, Jr., Judge

(Edward R. House, on brief), for appellant.  Appellant submitting
on brief.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


Mills Eugene Rose was convicted of driving a motor vehicle while intoxicated, in

violation of Code § 18.2-266.  On appeal, Rose contends that he did not "operate" the motor

vehicle, as required by the statute.[1]  Rose argues that merely having his key in the auxiliary

position with the radio running does not constitute operation of a vehicle within the meaning of

the statute.  We disagree.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting

to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Rose does not argue that he was not intoxicated, so that issue is not before us.

Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Viewed in the light most favorable to the Commonwealth, the facts are that Rose was sitting in the driver's seat of his truck and lying across the passenger's seat with his upper body when the police officer approached. The key was in the ignition, in the auxiliary position, and the radio was on. When the police officer awakened Rose, Rose went to the ignition switch, turned the key what appeared to be one notch to the left, and removed the keys from the ignition and dropped them on the floor.

The question of whether Rose "operate[d]" a motor vehicle within the meaning of Code § 18.2-266 is a mixed question of law and fact. We are bound by the trial court's factual determinations unless they are plainly wrong. Ziats v. Commonwealth, 42 Va. App. 133, 139, 590 S.E.2d 117, 120 (2003). However, we review *de novo* the legal question of whether Rose's actions constituted operation of a motor vehicle within the meaning of the code section. See Gilbert v. Commonwealth, 47 Va. App. 266, 270, 623 S.E.2d 428, 430 (2005).

Code § 18.2-266 makes it illegal "for any person to drive or operate any motor vehicle" while intoxicated. Although Code § 18.2-266 does not define "operate," the Supreme Court has looked to the Motor Vehicle Code's definition of "operator" to determine what "operate" means in § 18.2-266. Nicolls v. Commonwealth, 212 Va. 257, 259, 184 S.E.2d 9, 11 (1971); Gallagher v. Commonwealth, 205 Va. 666, 668, 139 S.E.2d 37, 39 (1964). The Motor Vehicle Code defines "operator" as "every person who . . . drives or is in actual physical control of a motor vehicle." Code § 46.2-100. As the Supreme Court has noted,

> An "operator" is defined in pertinent part as "one that produces a physical effect or engages himself in the mechanical aspect of any process or activity: as . . . one that uses or operates a machine or device . . . sometimes used to distinguish the user of fixed devices from the driver of automotive devices."

Stevenson v. City of Falls Church, 243 Va. 434, 437, 416 S.E.2d 435, 437 (1992) (quoting

Webster's Third New International Dictionary 1581 (1986)).  For purposes of the drunken

driving statute:

> "Operating" not only includes the process of moving the vehicle
> from one place to another, but also includes starting the engine, *or*
> *manipulating the mechanical or electrical equipment of the vehicle*
> *without actually putting the car in motion*.  It means engaging the
> machinery of the vehicle which alone, or in sequence, will activate
> the motive power of the vehicle.

Williams v. City of Petersburg, 216 Va. 297, 300, 217 S.E.2d 893, 896 (1975) (emphasis added),

quoted with approval in Stevenson, 243 Va. at 438, 416 S.E.2d at 438.

Stevenson did not address the question of whether a person could be operating a vehicle

when the key was positively shown to have been in the auxiliary position.  However, after oral

argument in this case, the Supreme Court decided that very question in Nelson v.

Commonwealth, __ Va. __, __ S.E.2d __ (Jan. 13, 2011).  On facts remarkably similar to those

before us, the Supreme Court concluded that an intoxicated person who was hunched over in the

driver's seat of a vehicle with the key in the on or accessory position and the radio playing was

an operator of the vehicle for purposes of Code § 18.2-266.  Id. at __, __ S.E.2d at __.  In

affirming Nelson's conviction, the Supreme Court noted:

> [T]he key was not in the "off" position but in an "on or accessory
> position."  Nelson turned on the radio by placing the key in the
> latter position, and his action constituted "manipulating the . . .
> electrical equipment of the vehicle." . . .  Manipulating the
> electrical equipment was one step between the "off" position and
> the point at which the motive power would be activated.  While
> Nelson's action in turning the key to the "on" or "accessory"
> position of the ignition did not alone activate the motive power, it
> was an action taken "in sequence" up to the point of activation,
> making him the operator of the vehicle within the meaning of Code
> § 18.2-266.

Id. at __, __ S.E.2d at __.

Here, Rose was found sitting in the driver's seat of an automobile, with the key in the ignition switch, the switch turned to the auxiliary position,[2] and the radio (part of the vehicle's electrical equipment) running.  Based on the Supreme Court's holding in Nelson, we conclude that Rose was operating a motor vehicle within the meaning of Code § 18.2-266, and we thus affirm his conviction.

Affirmed.

---

[2] The term "auxiliary position" referred to here is the same key position referred to as the "accessory position" in Nelson.