16694

COOLEY *ET AL.* v. COOLEY
(73 S. E. (2d) 712)

Mr. *Curran E. Cooley,* of Anderson, *Appellant, in person.*

Messrs. *Watkins & Watkins,* of Anderson, *for Respondents,*

December 15, 1952.

STUKES, Justice.

The plaintiffs and defendants in this action have for more than thirty years owned as tenants in common a tract of 486¼ acres of land on the Savannah River in Anderson County. The appellant was the only defendant who answered the complaint for partition. His answer contended for partition in kind and alleged that there is upon the land a considerable amount of valuable timber; there is a proposed water power development for which the land will be required and early sale for partition would occasion loss to the defendant; he has received small sums from one or more other persons for the privilege of gathering hay from the bottom lands, for which he is ready and willing to account, and he has paid taxes for many years for which he is entitled to

reimbursement; wherefore, the answering defendant asked judgment that the complaint be dismissed, that any partition be by division in kind, failing which the sale should be delayed until the timber and water rights can be sold for a reasonable price, that he be permitted to account for his receipts and be reimbursed for tax payments. The complaint was served about August 16, 1950, and the answer was dated September 29, 1950.

By order dated November 29, 1950, the matter was referred to the Judge of Probate as special referee to take the testimony and report his findings of fact, which he did. Reference was held on April 13, 1951, at which the plaintiffs testified to the effect that title to the land descended from their and the defendants' father who died in 1901. A sister died in infancy leaving her mother, her sister and brothers as her sole heirs at law; and a brother died testate, whose will was admitted in evidence. The land has not been cultivated for many years and the value lies in the timber which is scattered so that good timber is on portions of the land and on other portions there is little or none. An additional witness for plaintiffs was a farmer and real estate dealer who had inspected the land, having been taken over it by a neighbor, and he corroborated the evidence given by the plaintiffs that the land cannot be divided in kind without injury to the owners whose respective interests are: one, an undivided 5/60ths and the other five, 11/60ths each; and because of the remote location and the varying stands of timber.

The reference was adjourned until April 19th or 20th (the record is in conflict) and the defendant who has appealed then testified. He said that he had paid certain taxes and collected some amounts for hay-cutting privileges, for which he would account; that the property can easily be divided in kind and he opposed early sale because of probability of a proposed dam which would flood the land, for which reason he advocated the present sale only of the timber. He had received varying offers for the timber. On

cross examination the witness said that he had not paid taxes for the past three or four years, but did prior thereto and has the receipts and list of his collections. When asked whether the land involved in the action is the only land that the parties to the action owned in common he answered, subject to his objection, that as far as he knows, it is.

One of the plaintiffs was recalled in reply and testified that he had paid the taxes from 1942 to 1946, inclusive, and that the 1948 taxes were paid by the other plaintiff who had collected for some oak timber which had been cut by mistake and paid for by another—$114.00. This plaintiff-witness also said that he had been trying for about ten years to arrange a division of the property, which appellant had opposed and the latter would not agree to sale even of the timber, for which the witness had received offers after advertisement, one of $16,500.00 cash. The large timber is dying and falling. The youngest co-tenant is fifty-two years of age. By way of rebuttal, appellant argued, rather than testified, against partition except of the timber, the latter by sale of it.

The report of the referee contains the findings that the plaintiffs and defendants are the owners as tenants in common in fee of the land in stated proportions, that the land is irregular in shape with no important road frontage and little of any such, has not been cultivated for years and the improvements are negligible in value; but the greater part of it is timbered unevenly and some of the timber is old, dying and therefore depreciating in value; there is no reasonable certainty of future requirement of the land, or any of it, for hydroelectric purposes, and no evidence of its value for such. Most of the undivided interests in the land have existed for fifty years and several of the parties have for years desired liquidation of their interests, which could not be agreed upon, even to the extent of the timber. There is no net income from the property. The parties own no other land in common. The referee found that partition in kind is impracticable without injury to the interests of some of

the owners. He recommended sale for partition and division of the proceeds. He noted that three of the owners have from time to time paid taxes and received small income; that appellant made claim for accounting of his such transactions but was unable to render an account at the dates of either the first or second reference. The amounts of all are inconsiderable in comparison with the value of the property. It was recommended that in any decree for sale, the parties be allowed to account for their receipts and disbursements, subject to examination by the other parties and the approval of the court.

Appellant excepted to the report of the referee and because of the nature of the argument the court called upon the master for further information which was submitted in the form of a letter, addressed to the presiding judge, in which it was stated that appellant and plaintiff's counsel appeared before the referee on April 13, 1951 under a consent order of reference dated November 29, 1950, and requested that he accordingly take the testimony, which he did. Appellant asked for adjournment until a later date which, by agreement, was fixed for April 20th. On the latter date, appellant appeared, as did one of the respondents and his counsel. Appellant testified and was cross examined, after which he stated that he expected to have another, unnamed witness who, he may have stated, was then ill. Upon objection by respondents' counsel and no showing that the witness had been subpoenaed and no doctor's certificate of his inability to attend, there having been two hearings, the last at appellant's request, the referee closed the reference and promptly thereafter rendered his report. The last content of the stenographic record made before the referee is a statement by appellant, which was in the nature of argument instead of testimony, and he did not then or thereafter ask for leave to make further argument.

The decree of the court was rendered on July 12, 1951, after argument upon appellant's exceptions which were overruled, and found in accord with respondents' evidence, brief-

ly stated above, and confirmed the report of the referee that the land is incapable of partition in kind in the shares in which it is owned, without injury to the owners; and sale was ordered pursuant to the provisions of sections 8827, 8828 and 8829 of the Code of 1942. However, citing *Rivers v. Atlantic Coast Lumber Corporation*, 81 S. C. 492, 62 S. E. 855, separate sales of land and timber were ordered and also a sale of all together, the alternate high bid or bids to be accepted. The latter was an exercise of discretion which will not be disturbed on appeal in the absence of a showing of inequity. Clearly there is none such here.

Appellant took numerous exceptions to the decree but his brief, *in propria persona*, upon which he submitted his appeal here without oral argument, fails of compliance with section 2 of Rule 8 of this court which is as follows: "The Brief of appellant shall be preceded by a statement of the questions involved * * *. Ordinarily no point will be considered which is not set forth in the statement of the questions involved or suggested thereby." The brief, however, contains no statement of questions.

Rather than dismiss the appeal perforce the rule, as a matter of grace we turn to respondents' brief which is prefaced by a statement of seven questions which they conceive to be raised by the exceptions, and they will be answered *seriatim* by what will be said, all adversely to appellant's contention as made in his brief. The contents of both briefs have been carefully considered in the process.

There was no error in declining appellant's request for a second adjournment of the reference. He made no semblance of showing that he was entitled to a further continuance or adjournment. Cf. Rule 27 of the Circuit Court Rules. And he was heard in argument before the referee to the extent that the latter understood that he desired; and he was unlimited in his argument before the court which took the unusual course of re-commitment to the referee for further report.

The concurrent findings of the referee and the court to the effect that the land could not be partitioned in kind fairly and impartially, and without injury to the owners, is fully sustained by the evidence. Only appellant testified to the contrary, and besides the controverting evidence of the respondents there was testimony from a disinterested real estate dealer which supported the latter. The necessity for sale and division of the proceeds followed as a matter of right.

There is no foundation in the record for appellant's contentions of bias, prejudice and unseemly haste. The proceedings, which have been stated, speak for themselves to the contrary. Appellant answered on September 29, 1950. The references were held in April 1951 and decree was rendered on July 12, 1951. It is now almost 1953.

In spite of prodding by respondents' counsel appellant has so far failed to account for the small income which he admittedly received, or to submit itemized claim for the taxes which he paid. He makes no satisfactory explanation of his dereliction. This situation of his making is provided for in the decree of the court, as follows:

"The Probate Judge as Special Referee shall with all convenient speed report to this Court his findings on the accounts of the parties in interest for income and disbursements made, and upon these accounts being approved by the Court, the Probate Judge as Special Referee shall, after paying the costs and disbursements of this proceeding and any taxes or other liens against the property, or any part thereof, divide and pay over to the parties in interest their respective shares in the said proceeds, this proceeding to be held open for the determination of any questions arising thereon."

The complaint did not contain the usual allegation that the parties to the action own no other land in common, which however, was proved by the testimony on cross-examination of the appellant himself, over

his objection. The testimony was, of course, relevant and admissible. He points to no authority which requires such an allegation in the complaint. It was not in controversy under the pleadings. See the latter portion of rule 54 of the Circuit Court Rules. All of the parties to the action, who are all of the tenants in common, are *sui juris;* there are no infant cotenants or parties.

The order of reference is not printed in the record for appeal but it is there referred to as a consent order. Appellant took full advantage of his opportunity to except to the report of the referee and the court considered all of the numerous exceptions which he argued.

The exceptions to this court are without merit and are overruled.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.