18569

The STATE, Appellant, v. Larry SHEPPARD, Respondent
(150 S. E. (2d) 916)

*Daniel R. McLeod, Attorney General,* and *Joseph C. Coleman, Assistant Attorney General,* of Columbia, and *L. A. Williamson, Solicitor,* of Aiken, *for Appellant,*

*Messrs. George H. Grant* and *Benjamin Surasky,* of Aiken, *for Respondent,*

466

BRAILSFORD, Justice.

This is an appeal by the State from an order of the circuit court quashing an indictment charging the defendant with operating a motor vehicle, quoting from the indictment, "while under the influence of intoxicating liquor and drugs," in violation of Section 46-343, Code of 1962. The court held that the indictment charges two separate offenses in the same count, i. e., (1) driving under the influence of intoxicating liquor, and (2) driving under the influence of drugs.

The sole question involved on the appeal is whether the allegation that on the occasion in question the defendant operated a motor vehicle while under the influence of intoxicating liquor and drugs charged him with two offenses against the statute, or whether, as contended by the State, only one offense was charged.

The statute, in pertinent part, provides: "It is unlawful for any person * * * who is under the influence of intoxicating liquors, narcotic drugs, barbiturates, paraldehydes or drugs, herbs or any other substance of like character, whether synthetic or natural, to drive any vehicle within this State." The proscribed conduct is the operation of a motor vehicle by one who is under the influence of intoxicating liquor or drugs. One is under the influence, within the meaning of the statute, when the ingestion of one or more of the substances listed therein has resulted in the impairment of his faculties. The operation of a motor vehicle by a driver whose faculties are thus impaired is a violation of the statute. The offense is exactly the same whether the driver's condition resulted from the ingestion of alcohol or of narcotic drugs or of both of them.

The act of operating a motor vehicle with impaired faculties is the gravamen of the offense, and the offense is not multiplied because the condition of impairment was produced by the ingestion of more than one of the substances listed in the statute. The indictment

charges only one offense which may be established by proof that the defendant operated a motor vehicle while under the influence of intoxicating liquor or of narcotic drugs, either or both. In this situation, it is well settled that an indictment is not duplicitous for charging the accused in conjective terms with having committed the offense by more than one of the means specified by the statute. 5 Wharton's Criminal Law & Procedure, Sec. 1932, p. 29; 42 C. J. S., Indictments and Informations, § 165, p. 1119; 27 Am. Jur., Indictments and Informations, Sec. 124, p. 684.

In State v. Thompson, 257 N. C. 452, 126 S. E. (2d) 58, the North Carolina Court construed a similar, but not identical, statute as creating the separate and distinct offenses of operating a motor vehicle (1) while under the influence of intoxicating liquor, or (2) while under the influence of narcotic drugs. Quite understandably, the court below followed the decision of this highly respected court of last resort. However, we are convinced that the result is erroneous.

We think that the most reasonable interpretation of the relevant language of our statute is that only one offense is created thereby. We adopt this conclusion without attempting to distinguish the *Thompson* case. However, it is not amiss to point out that the defendant in *Thompson* waived the issue of duplicity by his failure to raise it in the trial court. Therefore, the court's construction of the statute was not necessary to the decision of the case before it and, apparently, its correctness was not contested. At any rate, the court did not state its reasons for the construction adopted.

Only two other decisions in point have come to our attention. Our conclusion is supported by *Commonwealth v. Schuler,* 157 Pa. Super. 442, 43 A. (2d) 646, and by what we regard as the soundly reasoned two judge dissent in *State v. Stollings,* 128 W. Va. 483, 37 S. E. (2d) 98. We quote from *Schuler*: "Only one crime is proscribed, *i. e.,* operating a motor vehicle while under the influence of sub-

stances which impair the mental and physical faculties of the operator, an impairment produced by means of the ingestion of one or two or all of the substances mentioned."

Reversed and remanded.

Moss, C. J., Lewis and Bussey, JJ., and Lionel K. Legge, Acting Associate Justice, concur.