18725

SAVANNAH BANK AND TRUST COMPANY OF SAVANNAH, Respondent, v. Marie S. SHUMAN, Appellant

(157 S. E. (2d) 864)

*James P. Harrelson, Esq.,* of Walterboro, *for Appellant,*

*Messrs. Buist, Buist, Smythe & Smythe,* of Charleston, and *Holland Smith,* of Hampton, *for Respondent,*

November 13, 1967.

BUSSEY, Justice:

This is an action for the foreclosure of a mortgage on certain real property in Hampton County, South Carolina, owned by the defendant-appellant, the ap-

peal being from a decree of foreclosure. This court would be fully warranted in dismissing the appeal for failure to comply with the rules of this court. In violation of Rule 8, Section 2, appellant's brief is not preceded by a statement of the questions involved. The appellant's exceptions, other than that numbered one, are in clear violation of Rule 4, Section 6, in more than one particular. The respondent, however, makes no point of appellant's failure to comply with the rules of this court, and we have in the past, as a matter of grace, waived the requirement of Rule 8, Section 2. See *Cooley v. Cooley,* 222 S. C. 513, 73 S. E. (2d) 712. Additionally, the breach of Rule 4, Section 6, has occasionally been waived where a faulty exception has attempted to present a meritorious assignment of error. See *Aaron v. Hampton Motors, Inc.,* 240 S. C. 26, 124 S. E. (2d) 585. Appellant's exceptions 2, 3 and 4 at least attempt to present a single meritorious assignment of error, which we shall, as a matter of grace, consider in addition to the question presented by exception one.

For the consideration and disposition of the two questions involved only a relatively brief statement of the facts is necessary. The respondent is a Georgia corporation located and doing business in the City of Savannah. Appellant is a married woman, she and her husband being residents of Hampton County, South Carolina. Appellant's husband negotiated a loan from the bank in the amount of $24,000-.00, for the purpose of purchasing certain equipment for use in his business. The loan was made jointly to the husband and wife, being evidenced by a joint note, signed by both of them, the mortgage securing the same being signed only by the wife as the real estate was in her name. Both note and mortgage were executed in Hampton County, South Carolina, and delivered to the respondent in its banking office in Savannah, Georgia, for acceptance, the bank being fully aware of the purpose of the loan, and upon the authority of the appellant wife, disbursing all proceeds to the husband. The note called for interest at the rate of 8% per annum, which is a legal rate of interest in Georgia, but which rate

is usurious under the provisions of Section 8-3 of the 1962 Code of Laws of South Carolina.

Upon default in the payment of the note, the principal balance remaining due thereon was in the amount of $17,548.88.

The cardinal question involved in this case is whether the transaction between the parties is governed by the law of South Carolina or by the law of Georgia. It is the contention of the appellant that the matter is governed by Georgia law, and that under Georgia Code Sections 53-502 and 53-503, the entire transaction was void as to the appellant because the transaction was a contract of suretyship for her husband.

The case was referred to a special referee who took the testimony and filed his report, in which he concluded that the case was controlled by Section 45-56 of the 1962 Code of Laws of South Carolina, and that respondent was entitled to foreclose the mortgage, but was not entitled to any interest or costs by virtue of the usury statute, Section 8-5 of the 1962 Code of Laws, his report being confirmed by a decree of the circuit court.

Assuming, without necessarily deciding, that, as contended by the appellant, the contract was not completed until the note and mortgage were accepted by the bank in Savannah, and hence made in Georgia, that it was to be performed in Georgia, and that it was a contract of suretyship and, therefore, void under the law of Georgia, we think the special referee and the lower court were correct in concluding that the rights of the parties are controlled by South Carolina Code Sections 45-56 and 8-5. Recent codifications of Code Section 45-56 have eliminated a comma which appears in the statute as originally enacted, and hence we quote from the original statute, Acts of the General Assembly 1898, 747, as follows:

"An Act to construe contracts secured by mortgages of real estate situate within this State.

"Section 1. Be it enacted by the General Assembly of the State of South Carolina, All contracts secured by mortgage

of real estate situate within this State *shall be subject to and construed by the laws of this State* regulating the rate of interest allowed, *and in all other respects,* without regard to the place named for the performance of the same." (Emphasis added.)

A review of the cases cited in the footnotes to this Code Section indicate that this court (other than holding that the statute was not retroactive) has had no occasion to consider or construe it. We think it is not even open to construction. It is well settled in this state that where the terms of a statute are clear and unambiguous there is no room for construction and they must be taken, understood and applied in their plain, ordinary, popular sense. See cases collected in West's South Carolina Digest under Statutes, Key No. 190. The statute declares in plain language that all contracts secured by mortgages of real estate *shall be subject to and construed by the laws of this state,* not just those laws regulating the rate of interest alone, but *the laws of this state "in all other respects".* Had the legislature intended, as urged by the appellant, only to protect its citizens against usurious contracts, we can conceive of no reason whatever for including the words, "and in all other respects." The construction urged by the appellant would disregard and treat as surplusage the quoted phrase. We are not at liberty to do, so. See cases collected in West's South Carolina Digest, Statutes, Key No. 206.

Except as to the interest being usurious, there is no attack made upon either the note or mortgage under the law of South Carolina. The special referee and the lower court correctly held that by virtue of Code Section 8-5 respondent was not entitled to recover any costs, attorney's fee or interest. The decree of foreclosure, however, provided, *inter alia,* and most probably inadvertently, that out of the proceeds of the sale of the mortgaged premises the clerk should first pay the costs and expenses of the sale and of "this proceeding". Appellant's exception one is addressed to the foregoing provision, in that such would have the

effect of allowing some costs to respondent, it not being entitled thereto. There is some merit in this exception.

Should the sale of the premises produce less than the amount of the principal balance due respondent, there would, however, be no prejudice to appellant since it would make no difference whether respondent paid the costs and received the gross proceeds of the sale, or received the net proceeds after the payment of costs. On the other hand, should there be realized from the sale of the premises any amount greater than the principal balance due on the note and mortgage, then the payment of the costs and expenses out of the proceeds of the sale could result in such costs being paid, in whole or in part, by the appellant rather than the respondent. The judgment of the lower court is, therefore, modified to the extent that the clerk shall not pay from the proceeds of the sale any costs or expenses of either the sale, or the action, should such result in any portion thereof being paid by appellant, rather than respondent.

The foregoing, we think, disposes of every question which is even conceivably properly before the court and necessary to a decision. The judgment of the lower court as modified herein is, accordingly,

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.