**Robert T. MILLER**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 7, 2001.
Decided April 5, 2002.
Reargument Denied En Banc
May 30, 2002.
Publication Ordered July 31, 2002.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

Shawn M. Stevenson, Pittsburgh, for appellee.

BEFORE: DOYLE, Senior Judge,[1] McGINLEY, Judge, McCLOSKEY, Senior Judge.

OPINION BY Senior Judge DOYLE.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Allegheny County that sustained the appeal of Robert T. Miller from a one-year suspension of his operating privileges. We reverse the trial court's order.

Miller was arrested in Myrtle Beach, South Carolina on April 25, 1997, and charged with driving under the influence (DUI) in violation of South Carolina Code § 56–5–2930. Miller forfeited bond for the offense on May 7, 1997. Pursuant to the reporting requirements of the Driver's License Compact (Compact),[2] the South Carolina Department of Public Safety notified DOT that Miller had been convicted of the offense of DUI by sending to DOT a certified copy of the citation issued to him with the disposition of the case noted on it. Upon receipt of that information from South Carolina, DOT notified Miller that his operating privileges would be suspended for one year pursuant to Article IV of the Compact (relating to Effect of Conviction)[3] and Section 1532(b)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3). Article IV of the Compact requires the home state to treat conduct reported from another state as if it had occurred within the home state, and Section 1532(b)(3) of the Vehicle Code requires DOT to impose a one-year suspension of a motorist's operating privileges upon that motorist's conviction for a DUI offense. Miller filed a timely appeal from this suspension with the trial court on August 22, 1997. A hearing was held before Senior Judge Richard J. Zeleznik on November 13, 1997.

During the hearing, a dispute arose as to the admissibility of one of DOT's exhibits, *viz.*, a copy of the traffic citation issued to Miller in South Carolina. Miller insisted that it was not admissible because there was no evidence that it had been received from the *licensing authority* of the State of South Carolina, the reporting state, as required by Article III of the Compact.[4] The trial court agreed to allow counsel the opportunity to brief the issue and the hearing was adjourned. The trial court ultimately refused to admit the South Carolina report and sustained the appeal "for the reasons set forth in Defendant's brief." DOT appealed that decision and, in our unpublished decision in *Com., Department of Transportation, Bureau of Driver License v. Miller*, 738 A.2d 535 (No. 473 C.D.1998, filed July 16, 1999), this Court remanded the case to Common Pleas for further proceedings, "because the excluded evidence was not made a part of the record." *Id.*, slip op. at 3–4 (footnote omitted).[5] A hearing was then held in the trial

1. This case was assigned to the opinion writer prior to the date when President Judge Doyle assumed the status of senior judge on January 1, 2002.

2. Sections 1581 through 1586 of the Vehicle Code, 75 Pa.C.S. §§ 1581–1586.

3. 75 Pa.C.S. § 1581, art. IV.

4. 75 Pa.C.S. § 1581, art III.

5. Judge Leadbetter, in her opinion for the Court, explained that, "since the record transmitted by the trial court to this court contains neither a copy of Miller's brief to the trial court nor the traffic ticket and the Department's certification that the Department sought to introduce into evidence, it is impossible for us to engage in meaningful appellate review. A remand is therefore necessary." *Id.*, slip op. at 2–3.

court before the trial judge on August 18, 2000. The ticket from South Carolina was admitted over Miller's objection, but the trial judge sustained Miller's appeal nonetheless.

■ Miller urges that the sole issue we are to determine is whether the document entitled "State of South Carolina Uniform Traffic Ticket" offered by DOT is admissible as evidence sufficient to justify the suspension of his operating privileges. DOT on the other hand argues that the sole question on appeal is whether South Carolina's DUI statute is substantially similar to Article IV(a)(2) of the Compact.[6] We will address both issues in turn.[7]

The thrust of Miller's argument is that the South Carolina document is inadmissible because DOT has not carried its burden of proving that it was received from the *licensing authority* of South Carolina. Miller relies on our decisions in *Boots v. Department of Transportation, Bureau of Driver Licensing*, 736 A.2d 64 (Pa.Cmwlth. 1999), *petition for allowance of appeal denied*, 564 Pa. 722, 766 A.2d 1242 (1999) and *Tripson v. Department of Transportation, Bureau of Driver Licensing*, 773 A.2d 195 (Pa.Cmwlth.2001). This reliance is misplaced. In *Boots*, we sustained a motorist's appeal on the grounds that DOT was unable to demonstrate that the document, an "Information and Summons" bearing an "Abstract of Court Record," *id.* at 65, on

its reverse side was received from the licensing authority of the reporting state. In *Tripson*, we upheld an appeal where the trial court properly refused to admit records of conviction supplied by a magistrate's office in a reporting state. The facts before us here differ dramatically from both *Boots* and *Tripson.*

■ Article III of the Compact requires that "the licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." 75 Pa.C.S. § 1581, art. III. The reverse side of the "Uniform Traffic Ticket" at issue here bears the legend: "Certified to be a true and correct copy of the original document on file with the South Carolina Department of Public Safety." The document is signed by an individual identified as the "Interim Director, Department of Public Safety." We said in *Tripson* that "The [Pa.] Department may not certify that the documents are reports of convictions from other jurisdictions' licensing authorities if the documents themselves contain no such certification from the reporting jurisdiction." 773 A.2d at 197. But, the document at issue here, *i.e.,* the traffic ticket, **was** certified to be a true and correct copy of the original by the South Carolina Department of Public Safety and we take judicial notice of the fact

---

6. Article IV(a)(2) provides:

The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

. . . .

... driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other

drug to a degree which renders the driver incapable of safely driving a motor vehicle[.]
75 Pa.C.S. § 1581, art. IV(a)(2).

7. Our standard of review is whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Todd v. Department of Transportation, Bureau of Driver Licensing*, 555 Pa. 193, 723 A.2d 655 (1999); *Department of Transportation, Bureau of Driver Licensing v. Scott*, 546 Pa. 241, 684 A.2d 539 (1996).

that driver licenses in the State of South Carolina are issued by the Department of Motor Vehicles, and that South Carolina's Department of Motor Vehicles is a department within the South Carolina Department of Public Safety. The "Uniform Traffic Ticket" received by DOT from South Carolina clearly came to DOT from the licensing authority of the State of South Carolina and is certified as such by the reporting state. The document is admissible.

We must now determine whether the document contains sufficient information to allow DOT to suspend Miller's operating privileges in Pennsylvania. Article III of the Compact requires that reports received from other states:

> shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

75 Pa.C.S. § 1581, art. III. We have read the copy of the "Uniform Traffic Ticket" that is contained in the record provided to us by the trial court. We are able to clearly discern that it identifies Robert T. Miller, by name and his home address and driver license number as the person convicted, and that Miller was charged with "DUI violation section no. 56–5–2930." We see that he was summoned to appear at a specific court in Myrtle Beach, South Carolina on May 7, 1997, and that he was convicted on that date by forfeiture of bail. The report received from South Carolina was certified internally to have come from the licensing authority of the State of

South Carolina and it contains every piece of information required by the Compact to allow DOT to suspend Miller's operating privileges. The "report" transmitted pursuant to the Compact need not be a formal document identifying itself as a "report" from a party state. The handwritten "Uniform Traffic Ticket" issued and certified by South Carolina *is* a report of Miller's conviction in South Carolina sent by that state's licensing authority to DOT sufficient to satisfy the requirements of the Compact. Miller's argument that the report of the State of South Carolina is inadmissible or somehow deficient is without merit.

We are compelled to comment here that the analysis we have just conducted, and the conclusion we have reached, should have been well within the capability of the trial court at the first hearing on this matter. At the very least, a copy of the South Carolina report should have been included in the record during the first hearing so that the first appeal of this matter would have been the only appeal necessary.

Finally, DOT argues that South Carolina Code § 56–5–2930 is substantially similar to Article IV(a)(2) of the Compact. Of course, in deciding whether DOT properly suspended Miller's license, we must first point out that, in accordance with our Supreme Court's holding in *Petrovick v. Department of Transportation, Bureau of Driver Licensing*, 559 Pa. 614, 741 A.2d 1264 (1999), Section 3731(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3731(a)(1) (relating to DUI), is substantially similar to Article IV(a)(2). And, given the language of South Carolina Code § 56–5–2930 that, "[i]t is unlawful … for any person who is under the influence of intoxicating liquors … to drive any vehicle within this

State[,]" [8] we also hold that that statutory section is substantially similar to Article IV(a)(2) of the Compact, where South Carolina's Supreme Court has explained that, "[t]he act of operating a motor vehicle with impaired faculties is the gravamen of the offense." *State v. Sheppard*, 248 S.C. 464, 150 S.E.2d 916 (1966). Therefore, pursuant to applicable case law, DOT properly suspended Miller's operating privileges in this case.[9]

Accordingly, the order of the Court of Common Pleas of Allegheny County in this matter is reversed.

### ORDER

**NOW,** this *5th* day of *April,* 2002, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed, and the one-year suspension of Robert T. Miller's operating privileges is reinstated.

---

**8.** We note that South Carolina Code § 56–5–2930 was later amended, substantively in 1998 and nonsubstantively in 2000.

**9.** *See also Pepperling v. Department of Transportation, Bureau of Driver Licensing,* 737 A.2d 310 (Pa.Cmwlth.1999). There, we held that South Carolina Code § 56–5–2930 is substantially similar to 75 Pa.C.S. § 3731(a)(1). However, that case was decided prior to our Supreme Court's analysis in *Petrovick.*