IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Azmi Al-Asad,                              :
                    Appellant              :
                                           :
            v.                             :      No. 414 C.D. 2019
                                           :      Submitted: February 21, 2020
Commonwealth of Pennsylvania,              :
Department of Transportation,              :
Bureau of Driver Licensing                 :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                             FILED: March 2, 2021


            Azmi Al-Asad (Licensee) appeals an order of the Court of Common
Pleas of Delaware County (trial court) denying his appeal of a one-year suspension
of his operating privilege by the Department of Transportation, Bureau of Driver
Licensing (PennDOT). Licensee was convicted of possession of a controlled
substance in South Carolina, and under the Driver's License Compact (Compact),[2]
PennDOT suspended his privilege to operate a vehicle in Pennsylvania. On appeal,
Licensee argues that the trial court erred in accepting an uncertified record as proof
of his conviction. For the following reasons, we reverse the trial court's decision.

_____

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt
completed her term as President Judge.

[2] 75 Pa. C.S. §§1581-1586. The Compact "is an interstate agreement, adopted by statute that was
designed to coordinate law enforcement efforts against intoxicated drivers and other serious traffic
offenders, and to facilitate information sharing regarding convictions." *Phillips v. Department of
Transportation, Bureau of Driver Licensing*, 80 A.3d 561, 567 (Pa. Cmwlth. 2013).

On March 5, 2018, Licensee was convicted in South Carolina for simple possession of marijuana under Section 44-53-370(d)(4) of the South Carolina Code, S.C. Code Ann. §44-53-370(d)(4) (Supp. 2010). PennDOT learned of Licensee's conviction and on May 7, 2018, notified Licensee that his operating privilege was suspended for one year pursuant to Section 1532(c) of the Vehicle Code, 75 Pa. C.S. §1532(c).[3] The notice explained that the South Carolina statute under which

---

[3] At the time of Licensee's conviction, Section 1532(c) read, in relevant part:

> (c) Suspension.--The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state, or any person 21 years of age or younger upon receiving a certified record of the person's conviction or adjudication of delinquency under 18 Pa.C.S. § 2706 (relating to terroristic threats) committed on any school property, including any public school grounds, during any school-sponsored activity or on any conveyance providing transportation to a school entity or school-sponsored activity.

*Former* 75 Pa. C.S. §1532(c). Section 1532(c) was amended by the Act of October 24, 2018, P.L. 659, No. 95 (Act 95), to eliminate PennDOT's suspension authority for possession-related convictions effective April 22, 2019. Section 1532(c) now reads:

> (c) Suspension.--The department shall suspend the operating privilege of any person 21 years of age or younger upon receiving a certified record of the person's conviction or adjudication of delinquency under 18 Pa.C.S. § 2706 (relating to terroristic threats) committed on or against any school property, including any public school grounds, during any school-sponsored activity or on any conveyance providing transportation to a school entity or school-sponsored activity in accordance with the following:
>
> > (1) The period of suspension shall be as follows:
> >
> > > (i) For a first offense, a period of six months from the date of the suspension.
> > >
> > > (ii) For a second offense, a period of one year from the date of the suspension.
> > >
> > > (iii) For a third and any subsequent offense thereafter, a period of two years from the date of the suspension.
> >
> > (2) For the purposes of this subsection, the term "conviction" shall include any conviction or adjudication of delinquency for any of the offenses listed in

2

Licensee was convicted was equivalent to Section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), 35 P.S. §780-113(a)(16).[4] Licensee appealed to the trial court, challenging the suspension.

The trial court held a hearing on January 17, 2019. PennDOT entered into evidence a packet of documents certified by both the Secretary of Transportation and the Director of the Bureau of Driver Licensing. Included in the packet were the May 7, 2018, suspension notice; Licensee's certified driving record; and a photocopy of the front side of the Uniform Traffic Ticket issued in South Carolina. *See* Reproduced Record (R.R.) at 17a-26a. PennDOT asserted that the copy of the Uniform Traffic Ticket complied with Article III of the Compact, 75 Pa. C.S. §1581.[5] Licensee did not object to the admission of these documents. Instead, he

---

> paragraph (1), whether in this Commonwealth or any other Federal or state court.

75 Pa. C.S. §1532(c). Licensee does not raise any issue regarding the amendment of Section 1532(c). Nor could he since the trial court applied the version of Section 1532(c) in effect at the time it entered its order denying Licensee's appeal on March 4, 2019. *See Ganoe v. Department of Transportation, Bureau of Driver Licensing*, __ A.3d __ (Pa. Cmwlth., No. 648 C.D. 2019, filed March 2, 2021) (holding that trial court must apply the version of Section 1532(c) in effect at the time it renders judgment on licensee's driving privilege).

[4] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-101 - 780-144. Section 13(a)(16) prohibits the knowing or intentional possession of a controlled or counterfeit substance by a person not registered under the Drug Act. 35 P.S. §780-113(a)(16).

[5] Article III of the Compact states:

> The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

75 Pa. C.S. §1581. The Compact allows suspension of a licensee's operating privilege only when the out-of-state violation is substantially similar to the licensing state's law.

asserted that the issue was "whether or not the statute in question from South Carolina is substantially similar to [the Drug Act.]" Notes of Testimony (N.T.), 1/17/2019, at 5; R.R. 12a. The trial court afforded both parties the opportunity to brief their arguments before it made a final determination. One of the arguments Licensee raised in his brief was that the copy of the front of the Uniform Traffic Ticket was not a properly certified record of his conviction.

On March 4, 2019, the trial court issued an order denying Licensee's appeal and upholding the license suspension. Licensee appealed. In his Rule 1925(b) statement, Licensee argued that the trial court erred by deeming the Uniform Traffic Ticket a certified record of his conviction. PA. R.A.P. 1925(b). Licensee also asserted that the South Carolina statute was not substantially similar to Section 13(a)(16) of the Drug Act, 35 P.S. §780-113(a)(16), because South Carolina's statute contains additional language prohibiting possession of a "controlled substance analogue."[6]

The trial court addressed Licensee's arguments in its opinion filed pursuant to PA. R.A.P. 1925(a). First, it determined that PennDOT met its burden with the packet of documents. The trial court rejected Licensee's charge of error in admitting the copy of the Uniform Traffic Ticket. The trial court cited *Miller v. Department of Transportation, Bureau of Driver Licensing*, 804 A.2d 73 (Pa. Cmwlth. 2002), which also concerned the admissibility of a South Carolina traffic ticket. The trial court concluded that, as in *Miller*, the Uniform Traffic Ticket was "certified internally" by the State of South Carolina and contained all of the

---

[6] A "controlled substance analogue" is defined as a substance "intended for human consumption and that either has a chemical structure substantially similar to that of a controlled substance in Schedules I, II, or III or has a stimulant, depressant, analgesic, or hallucinogenic effect on the central nervous system that is substantially similar to that of a controlled substance in Schedules I, II, or III." S.C. Code Ann. §44-53-110 (2014).

information required by the Compact. Trial Court Opinion, 5/16/2019, at 6; R.R. 55a. Second, the trial court held that the operative provisions of the South Carolina and Pennsylvania statutes were substantially similar. Under both statutes, marijuana is a controlled substance and possession of it is illegal. That Pennsylvania does not also prohibit possession of a "controlled substance analogue" does not render the statutes dissimilar.

On appeal,[7] Licensee argues that the trial court erred. Specifically, he contends that PennDOT did not meet its burden of production because it did not introduce a certified record as evidence of a conviction. PennDOT responds that the trial court correctly found that it met its burden, and that Licensee failed to rebut the presumption of conviction with clear and convincing evidence.

Upon review, we conclude that the trial court erred in its construction of Section 1532(c) of the Vehicle Code as it was. The former version of the statute stated, in relevant part:

> The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession … of any controlled substance under the laws of … this Commonwealth or any other state[.]

*Former* 75 Pa. C.S. §1532(c). The object of the phrase "upon receiving" is "a certified record of conviction." *Id.* The trial court construed this provision to mean PennDOT can certify a record that is not its own. This was error. PennDOT is not

---

[7] "Our review is limited to determining whether the trial court's findings are supported by substantial evidence, whether the trial court committed any errors of law and whether it abused its discretion." *Rawson v. Department of Transportation, Bureau of Driver Licensing*, 99 A.3d 143, 147 n.2 (Pa. Cmwlth. 2014).

in a position to certify the accuracy of an out-of-state record that lacks certification language from that other state.

Our recent case law construing the certification requirement in Section 1532 of the Vehicle Code reasoned that "[PennDOT's] action must be predicated upon a proper record of conviction." *Rawson*, 99 A.3d at 147; *see also Thorpe v. Department of Transportation, Bureau of Driver Licensing*, 214 A.3d 335 (Pa. Cmwlth. 2019). In *Thorpe*, we explained that "an essential part of PennDOT's burden is production of an official record of the conviction supporting the suspension." *Id.* at 337.

The trial court relied on our decision in *Miller*, 804 A.2d 73, to uphold the suspension based on the Uniform Traffic Ticket. In *Miller*, this Court addressed whether a uniform traffic ticket issued in South Carolina qualified as a conviction record under the Compact. Initially, the trial court refused to admit the uniform traffic ticket, reasoning it did not comply with Article III of the Compact because it was not received from the licensing authority of the convicting state. This Court reversed. We considered the content of the report, *i.e.*, the traffic ticket, and whether it had been certified by South Carolina. Relevant here, we emphasized that:

> The *reverse side* of the "Uniform Traffic Ticket" at issue here bears the legend: 'Certified to be a true and correct copy of the original document on file with the South Carolina Department of Public Safety.' The document is signed by an individual identified as the 'Interim Director, Department of Public Safety.' … The document at issue here, *i.e.*, the traffic ticket, was certified to be a true and correct copy of the original by the South Carolina Department of Public Safety … [thus] [t]he "Uniform Traffic Ticket" received by [Penn]DOT from South Carolina clearly came to [Penn]DOT from the licensing authority of the State of South Carolina and is certified as such by the reporting state.

*Miller*, 804 A.2d at 75-76 (emphasis added; internal citations omitted). Stated otherwise, the South Carolina ticket had been certified by the State of South Carolina, which satisfied the certification requirement in former Section 1532(c) of the Vehicle Code, 75 Pa. C.S. §1532(c). On that basis, we held that the trial court erred in not admitting it.

By contrast, in this case, there is no certification of the Uniform Traffic Ticket. Significantly, the reverse side of the Uniform Traffic Ticket is not part of the record. The trial court relied on *Miller* without recognizing this critical distinction. In so doing, the trial court erred. Because the Uniform Traffic Ticket does not bear a certification, *Miller* does not control. PennDOT did not comply with the certification requirement. We hasten to add that given its considerable experience in prosecuting license suspensions, PennDOT should have been aware that a one-sided photocopy of an out-of-state traffic ticket would not pass muster.

For all of the foregoing reasons, we reverse the trial court's order and reinstate Licensee's operating privilege.[8]

_____
MARY HANNAH LEAVITT, President Judge

_____

[8] PennDOT argues, as an alternative ground for affirming the trial court's order, that Licensee's statement in his appeal about his guilty plea and the alleged judicial admissions of his counsel satisfy its burden of proof. PennDOT did not raise these arguments before the trial court; accordingly, they are waived. *Department of Transportation, Bureau of Driver Licensing v. Diamond*, 616 A.2d 1105, 1108 (Pa. Cmwlth. 1992) (rejecting PennDOT's attempt to raise an alternate legal theory on appeal which "was never argued before the trial court"). The letter brief that PennDOT submitted to the trial court cites the Compact as the sole authority for PennDOT's suspension. R.R. 32a-36a. Without the Compact, there is no authority for PennDOT's suspension based on Licensee's South Carolina conviction.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Azmi Al-Asad,                    :
            Appellant     :
                        :
        v.            :    No. 414 C.D. 2019
                        :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing       :

# **O R D E R**

AND NOW, this 2nd day of March, 2021, the order of the Court of Common Pleas of Delaware County docketed March 5, 2019, in the above-captioned matter is REVERSED, and the operating privilege of Azmi Al-Asad is reinstated.

_____
MARY HANNAH LEAVITT, President Judge